UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOWARD E. LEVENTHAL,

    Petitioner,

    v.                                                             Case No. 21-CV-507

JAMES JOHNSON,

    Respondent.

## RECOMMENDATION TO DISMISS PETITION ON RULE 4 REVIEW

On April 20, 2021, Howard E. Leventhal, a Wisconsin state pretrial detainee, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 challenging his pretrial detention. *See* ECF No. 1. He is currently detained in Ozaukee County Jail awaiting trial before the Ozaukee County Circuit Court where he is charged with stalking and violating a no-contact order in violation of Wis. Stat. sections 813.125(7) and 940.32(2). *Id.*; *see generally State of Wis. V. Howard E. Leventhal*, Ozaukee County Case Nos. 2021-CF-000016, 2020-CM-000172, 2019-CM-000312, 2019-CM-000302 (available at https://wcca.wicourts.gov). In his petition, Leventhal argues that his extradition from the State of Illinois to the State of Wisconsin was unconstitutional.

The petition was randomly assigned to me and Leventhal subsequently consented to magistrate-judge jurisdiction. ECF No. 4. After filing the petition, Leventhal also filed a motion for a *Franks* hearing, see ECF No. 3, and a motion for judgment on the pleadings, see ECF No. 7. Because this petition is plainly without merit, I recommend that the petition be dismissed on preliminary review. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461,

475 (7th Cir. 2017) (holding that a magistrate judge cannot "resolve the case finally . . . . unless all parties to the action have consented).

28 U.S.C. § 2241 is the appropriate method to challenge an unconstitutional pretrial detention. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). "Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to petitions for a writ of *habeas corpus* under 28 U.S.C. § 2241." *Townsend v. Wisconsin Cts.*, No. 20-CV-465-PP, 2021 WL 1424934, at *1–2 (E.D. Wis. Apr. 15, 2021) (citing *Chagala v. Beth*, No. 15-CV-531, 2015 WL 2345613 at *1 (E.D. Wis. May 15, 2015)). Accordingly, I must promptly examine Leventhal's petition in accordance with Rule 4, which states, in relevant part, as follows:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

During this initial review, I generally analyze three issues: whether the petitioner has set forth cognizable constitutional or federal law claims, whether the petitioner has exhausted available state remedies, and whether the petition is timely. Leventhal's petition, however, suffers several plainly visible deficiencies.

First, "[w]hile § 2241 allows a state pretrial detainee to petition for *habeas* relief, the *Younger* abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent extraordinary circumstances." *Townsend*, 2021 WL 1424934, at *1–2 (citing *Younger v. Harris,* 401 U.S. 37 (1971)). Generally, a pretrial detainee must exhaust his claims in regular state criminal proceedings before seeking federal court involvement. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010).

"A petitioner will be held to have exhausted his remedies before trial only in 'special circumstances.'" *Blanck v. Waukesha Cty.*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (quoting *United States v. Elrod,* 589 F.2d 327, 329 (7th Cir. 1979)). Speedy trial and double jeopardy claims are two recognized exceptions for which the petitioner may proceed under § 2241 before conviction without first exhausting those claims in state proceedings. *See Blanck*, 48 F. Supp. 2d at 860–61 (citing *Harpster v. Ohio*, 128 F.3d 322, 325 (6th Cir. 1997) (recognizing that "[a] claim of double jeopardy presents one such circumstance . . . . [because] [t]he Fifth Amendment's double jeopardy clause protects not against being twice punished, but against being twice put into jeopardy" (internal citations omitted)); *see also Hirsch v. Smitley*, 66 F. Supp. 2d 985, 987 (E.D. Wis. 1999) (affirming that "[s]peedy trial considerations can also be a basis for such relief, but only where the petitioner is seeking to force a trial").

However, here, Leventhal is seeking to challenge his extradition, and challenges to interstate extradition do not present an exception to the *Younger* abstention doctrine. *See Jackson v. State of Illinois*, No. 14-C-1182, 2014 WL 11381410, at *1–2 (E.D. Wis. Dec. 1, 2014), *vacated on mootness ground by Jackson v. Clements*, 796 F.3d 841 (7th Cir. 2015). In *Jackson*, the petitioner also challenged his extradition from Illinois to Wisconsin, and the district court dismissed the petition on Rule 4 review because such "the ground for relief . . . still [could] be presented in his state court criminal case." *Jackson*, 2014 WL 11381410, at *2. There appears no reason Leventhal cannot challenge his extradition in his state criminal case as well, which the documents he has filed here suggest he is currently doing. Indeed, "[i]n Wisconsin, challenges to the propriety of extradition or speedy trial claims can be litigated by means of a [state] petition for a writ of habeas corpus." *Rittmiller v. Sawyer Cty. Cir. Ct.*, No. 05-C-0093-C, 2005 WL 567820, at *1 (W.D. Wis. Feb. 23, 2005) (citing e.g., *State ex rel. Graves v.*

3

*Williams,* 298 N.W.2d 392 (Wis. Ct. App. 1980) (affirming that "Petitioner must seek relief from the state courts before he can obtain relief from this court"). Therefore, dismissal on Rule 4 review is appropriate.

Additionally, the opportunity for federal court involvement has lapsed for Leventhal. "Once the fugitive is returned to the demanding state, the right to challenge extradition becomes moot: the fugitive is no longer being detained by the asylum state, and so, the legality of his or her detention there is no longer at issue." *Barton v. Norrod,* 106 F.3d 1289, 1298 (6th Cir. 1997); *see also Beachem v. Att'y Gen. of Missouri*, 808 F.2d 1303, 1304 (8th Cir. 1987) (affirming that habeas relief is not permitted because, "once in Missouri, [the petitioner] no longer could challenge the validity of the extradition"); *see also Weilburg v. Shapiro*, 488 F.3d 1202, 1206 (9th Cir. 2007) (affirming that extradition is not a basis "upon which to grant habeas relief once the fugitive is present in the jurisdiction from which he fled"). In other words, "[o]nce a prisoner has been returned to the jurisdiction seeking extradition, a federal writ of habeas corpus is no longer available to challenge the validity of the extradition or the legality of his detention in the jurisdiction from which he was extradited. *Alandt v. Wright*, No. 4:17CV00633-BSM-JTR, 2017 WL 5329324, at *2 (E.D. Ark. Nov. 13, 2017), *report and recommendation adopted*, No. 4:17-CV-00633 BSM, 2017 WL 6627517 (E.D. Ark. Dec. 28, 2017). Here, Leventhal challenges his extradition from Illinois to Wisconsin, but the extradition has already occurred. Leventhal is currently confined in Wisconsin and, therefore, the writ of habeas corpus is not available to challenge his extradition, at least before he has exhausted state criminal proceedings. *Frisbie v. Collins*, 342 U.S. 519, 522 (1952) ("the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'")

Finally, the basis for Leventhal's challenge does not clearly concern a federal question; to the contrary, it appears to concern a technical matter of Wisconsin state law, which is not the province for which habeas corpus is intended. *See Birkley, v. Lucas*, No. 21-CV-332, 2021 WL 1723453, at *1 (E.D. Wis. Mar. 29, 2021), *report and recommendation adopted sub nom.* No. 21-C-332, 2021 WL 1720217 (E.D. Wis. Apr. 30, 2021) (affirming that "[h]abeas corpus relief, both under § 2241 and § 2254, is limited to questions of federal law; relief is unavailable for errors of state law"). Extradition is rooted in Article IV, § 2, cl. 2 of the Constitution. That being said, federal review is limited as "[e]xtradition is intended to be 'a summary and mandatory executive proceeding.'" *Coungeris v. Sheahan*, 11 F.3d 726, 728 (7th Cir. 1993) (quoting *Michigan v. Doran,* 439 U.S. 282, 288 (1978)). As a result, "a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." *Behr v. Ramsey*, 230 F.3d 268, 270–71 (7th Cir. 2000) (citing *Michigan*, 439 U.S. at 289).

Here, Leventhal challenges a mistaken checkmark on the State of Wisconsin's extradition warrant. *See* ECF No. 1-1 at 8. Specifically, the prosecutor checked the box indicating that Leventhal is a fugitive because he was personally present in the State of Wisconsin at the time the crime was committed instead of checking the box indicating that Leventhal is a non-fugitive because he committed acts outside the State of Wisconsin that resulted in a crime in Wisconsin. *Id.* In short, the issue presented appears to concern technical aspects of Wisconsin and Illinois state statutes, see 725 ILCS 225/6 and Wis. Stat. § 976.03,

without implicating federal law at all. Therefore, even if I were to reach the merits of the petition, I would recommend its dismissal.

## CONCLUSION

**THEREFORE, IT IS RECOMMENDED THAT** Leventhal's petition, ECF No. 1, be **DENIED** and the case **DISMISSED**.[1] The clerk of court is directed to randomly assign this case to a district judge for consideration of this recommendation. **Further, IT IS RECOMMENDED THAT** Leventhal's motions for a *Franks* hearing, ECF No. 3, and for judgment on the pleadings, ECF No. 7, be **DENIED** as moot.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated this 19th day of May, 2021.

_____
STEPHEN C. DRIES
United States Magistrate Judge

---

[1] Because the petition challenges Leventhal's detention and his detention is authorized by the executive pursuant to a Governor's extradition warrant, "a certificate of appealability is not required." *Jackson*, 796 F.3d at 843 (citing *Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009)).